UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION – ST. PAUL

| | |
|---|---|
| DEBBRA HILL,<br><br>   Plaintiff,<br><br> v.<br><br>CAPITAL MANAGEMENT SERVICES, LP,<br><br>   Defendant. | Case No. _____<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

## NATURE OF ACTION

1. This is an action brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Debbra Hill ("Plaintiff"), is a natural person who at all relevant times resided in the State of Minnesota, County of Dakota, and City of Burnsville.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Capital Management Services, LP ("Defendant"), is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely a personal credit card.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Prior to June 2012, in connection with the collection of an alleged debt in default, Defendant began trying to collect account ending in 0646 ("Account 0646"), from Plaintiff.

12. Plaintiff, via her counsel, sent written correspondence dated June 13, 2012 to Defendant, regarding Account 0646, and in such correspondence, stated in relevant part as follows:

> Please be advised that this office represents the above-named individual regarding the aforementioned account.
>
> Having been formally notified of our representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to this office and in fact consider this letter express and unequivocal revocation of any permission our client may have provided you to call them.

(See June 13, 2012 correspondence, attached hereto as Exhibit A).

13. Defendant received Plaintiff's notice of representation on June 18, 2012 at 9:46

A.M.  (See USPS Delivery Confirmation, attached hereto as Exhibit B).

14. Despite its knowledge that Plaintiff was represented by counsel, Defendant, by and through its agent and/or employee "Terry Soveren," placed a call to Plaintiff's cellular telephone on September 18, 2012 at 9:50 A.M., and at such time, left a voicemail message.

15. Plaintiff's counsel did not consent to any direct communication with Plaintiff.

16. At no time, did Plaintiff's counsel fail to respond within a reasonable period of time to a communication from Defendant.

17. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(2)

18. Plaintiff repeats and re-alleges each and every allegation above.

19. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff directly after learning that Plaintiff was represented by counsel, when an attempt to contact Plaintiff's counsel had not been made, or Plaintiff's counsel was not given sufficient time to respond to an initial attempt to communicate, and where no permission had been given to contact Plaintiff directly.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692d

20. Plaintiff repeats and re-alleges each and every allegation above.

21. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, in connection with the collection of an alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

-5-

## **TRIAL BY JURY**

22.     Plaintiff is entitled to and hereby demands a trial by jury.


Dated: October 19, 2012                    *JD HAAS AND ASSOCIATES, PLLC*

                                           By: /s/JD Haas
                                           JD Haas
                                           Bar Number 164173
                                           JD Haas and Associates, PLLC
                                           10564 France Avenue South
                                           Bloomington, MN 55431
                                           Telephone:    (952) 345-1025
                                           Facsimile:    (952) 854-1665
                                           Email: JDHAAS@ATTORNEYSFORCONSUMERS.COM

                                           *Co-counsel with WEISBERG & MEYERS, LLC*

                                           5025 N. Central Ave. #602
                                           Phoenix, AZ 85012
                                           Not admitted before this Court
                                           ECF@ATTORNEYSFORCONSUMERS.COM

                                           Attorneys for Debbra Hill